IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES ROMAINE, M07048, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ANTHONY WILLS, | ) |
| JOSHUA A. SCHOENBECK, | ) |
| JASON N. HART, | ) Case No. 21-cv-467-DWD |
| LUCAS A. BOHNERT, | ) |
| MAJOR ROWLAND, | ) |
| OFFICER MAJOR. | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff James Romaine, an inmate of the Illinois Department of Corrections (IDOC), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center (Menard). (Doc. 12). On February 15, 2022, the Court conducted an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, and it dismissed the complaint for failure to state a claim, with leave to amend. Plaintiff claims that the defendants violated his due process rights by failing to give him notice of a December 29, 2020 disciplinary proceeding that resulted in 365 days of segregation. He requests injunctive and declaratory relief and compensatory damages.

Plaintiff's Amended Complaint (Doc. 12) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to

screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff alleges that on December 17, 2020, he received an offender disciplinary report alleging conspiracy to introduce drugs and drug paraphernalia. (Doc. 12 at 5). He was found guilty of that ticket and sent to segregation. While in segregation, sometime between December 23 and 25 he alleges that Defendant Bohnert and another officer questioned him about drugs and contraband found in his property. (*Id.* at 6). Plaintiff denied knowledge of the contraband and asked for a copy of the disciplinary report, but his request was denied. On December 29, 2020, Plaintiff was called to a disciplinary hearing before Defendants Schoenbeck and Hart with no prior notice. He alleges that at the hearing he asked for time to prepare based on the lack of notice, but his request was denied. At the hearing he was found guilty of offenses that resulted in 365 days of segregation, 365 days of commissary restriction, and 6 months of contact visit restriction. (*Id.* at 7). Plaintiff alleges that Hart and Schoenbeck violated his rights by failing to afford him prior notice of the hearing or a chance to prepare information on his behalf.

Plaintiff alleges that as a result of the sanctions from the December 29 hearing he became depressed by the harsh conditions of segregation. For example, he had no

grooming equipment, he had no access to photo albums of family or to personal correspondence, and he was kept from amenities such as education or rehabilitative services, among other things.

Plaintiff alleges that in the wake of the disciplinary hearing he sought information about the proceedings. He learned that Defendant Major allegedly delivered the disciplinary report to him on December 18, 2020, at 6:45p.m., although he alleges he never received anything from Major on that day or any other day. He alleges that Major's failure to serve him with the ticket violated his due process rights.

Plaintiff alleges that in an effort to remedy the situation he submitted requests/grievances to Defendant Wills and he personally communicated with Defendant Rowland. Both defendants failed to remedy the wrong. He specifically argues that Defendants Wills and Rowland's knowing failure to address the due process violation constituted deliberate indifference. (*Id.* at 11-12).

Based on the allegations in the Complaint, the court designates the following Counts:

> **Claim 1:** **Fourteenth Amendment Due Process claim against Defendants Bohnert and Major for failing to give Plaintiff notice of the disciplinary ticket;**
>
> **Claim 2:** **Fourteenth Amendment Due Process claim against Defendants Schoenbeck and Hart for holding a disciplinary hearing and giving 365 days segregation without prior notice;**
>
> **Claim 3:** **Eighth Amendment deliberate indifference claim against Defendants Wills and Rowland for failing to remedy the alleged due process violation.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. *See Twombly*, 550 U.S. at 570 (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Discussion

Claims 1 and 2 are sufficient to proceed because Plaintiff has provided adequate factual and legal allegations to suggest that he suffered a violation of his due process rights in relation to the December 29, 2020 disciplinary proceedings. At this initial stage of review, the Court notes that the facts do not appear to implicate *Heck* and its progeny, which prevent inmates from bring a § 1983 claim that invalidates the validity of certain disciplinary proceedings. "*Heck* and *Edwards* are 'beside the point' for inmates whose infractions are punished by disciplinary segregation, or restrictions on recreation, since neither penalty 'is a form of custody' under federal law." *James v. Pfister*, 708 Fed. App'x 876, 879 (7th Cir. 2017); *see also*, *Hall-Bey v. Hanks*, 93 Fed. App'x 977, 980 (7th Cir. 2004) (a challenge to the administrative decision to place an inmate in segregation is considered a condition of confinement, a challenge to a condition is not precluded by *Heck* or *Edwards*). Plaintiff does not allege a loss of good time credit, nor does he allege that the punishment he received somehow made his sentence longer, so at this initial stage, it is appropriate to allow his claims to proceed.

As for the third claim, against Warden Wills and Unit Major Bohnert, Plaintiff alleges that these two were deliberately indifferent based on the actions they took in response to his complaints after the disciplinary proceedings ended.  In the Seventh Circuit, wardens or high-level prison officials are not assumed to be directly involved in the prison's day-to-day operations, and it is not assumed that they have personal knowledge of an alleged constitutional violation through their roles in the grievance process.  *Steidl v. Gramley*, 151 F.3d 739, 741 (7th Cir. 1998); *Gevas v. Mitchell*, 492 Fed. App'x 654, 660 (7th Cir. 2012).  The denial or mishandling of a grievance typically does not state a claim.  *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance."); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").  However, if an official "turned a blind eye" to a constitutional violation, it is possible he or she may be held liable.  *Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015).

Starting with Defendant Wills, Plaintiff alleges that Wills violated his rights by approving the outcome of Plaintiff's disciplinary proceedings (Doc. 12 at 9), and by his response to subsequent grievances about the disciplinary proceedings.  High-level officials, such as Warden Wills, are typically not found to be deliberately indifferent for their role in the processing of administrative or grievance paperwork.  Plaintiff alleges

that Wills harmed him by his role in approving the disciplinary outcome, or by his role in reviewing grievances, but both allegations suggest Wills' generic involvement in the oversight of the prison. As such, the Court will dismiss the claim against Wills because it is not apparent that he intentionally acted to violate Plaintiff's constitutional rights.

By contrast, Plaintiff alleges that he personally informed Defendant Rowland of the issues with the disciplinary proceedings. Although it is a close call, Plaintiff's allegations towards Rowland are sufficient to survive initial review because the allegations suggest that Rowland had personal awareness of the alleged constitutional wrongs and he failed to act to address the situation.

## Disposition

**IT IS HEREBY ORDERED THAT Claim 3** be **DISMISSED** without prejudice against Warden Wills because there is not a sufficient allegation of personal involvement or wrongful action by Wills. However, the Clerk of Court **SHALL NOT** terminate Wills from this case because Plaintiff seeks injunctive relief, and Wills, as Warden, would be responsible for implementing any injunctive relief granted in the future.

**Claim 1** of the Amended Complaint (Doc. 12) survives initial screening against Defendants Bohnert and Major. **Claim 2** survives initial screening against Defendants Schoenbeck and Hart. **Claim 3** survives initial screening against Defendant Rowland. Although Plaintiff had sufficient funds to pay his filing fee in this case, the Court recognizes that his financial status is similar to that of an indigent inmate, and so the Court will provide service of process on his behalf.

The Clerk of Court is **DIRECTED** to prepare for Defendants Bohnert, Major, Schoenbeck, Hart, and Rowland: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 12), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs,

regardless of whether his application to proceed *in forma pauperis* was granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Dated: February 24, 2022

_____
DAVID W. DUGAN
United States District Judge

Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.